**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**LAURIER JOSEPH DOYON #03677-036,**
**Plaintiff,**

**-vs-**                                                                                  **Case No.  A-07-CA-977-SS**

**THE UNITED STATES OF AMERICA, THE
UNITED STATES DEP'T OF JUSTICE, THE
FEDERAL BUREAU OF PRISONS, R.L. LUNA,
R. KOSCO, CAP'T HENDERSON, I.S.M. K.
WETHERS, L. CARRELL, COR. COUNSELOR
R. RAMIREZ and OTHERS UN-KNOWN,**
**Defendants.**

_____

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's amended civil rights complaint (Document No. 17);

Plaintiff's Affidavit of Exhaustion (Document No. 15); Defendants' Motion to Dismiss or, in the

Alternative, Motion for Summary Judgment (Document No. 31); and Plaintiff's response thereto

(Document No. 35).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma

pauperis.

# I. BACKGROUND

At the time he filed his complaint pursuant to <u>Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971), Plaintiff was confined in FCI Bastrop.  Prior to his transfer to FCI Bastrop, Plaintiff was confined in FCI Terre Haute.  He has recently been transferred to FCI Ft. Dix.

Plaintiff complains on September 13, 2007, Defendants seized his property when he was placed in the Special Housing Unit ("SHU") at FCI Bastrop.  Plaintiff apparently had excess property and was told he would not be able to keep all of it.  According to Plaintiff, he was told he could keep only that amount of property that would fit in his locker.  The remainder would have to be shipped to an address of Plaintiff's choosing at Plaintiff's expense.  Plaintiff was further told if he refused to ship his property, the excess would be destroyed.  Plaintiff asserts much of his property included legal, educational and religious materials.

Plaintiff further complains the Department of Justice ("DOJ") and the Bureau of Prisons ("BOP") have failed to recognize his faith, Christian Identity.  Plaintiff asserts he is not allowed to use the chapel or chapel funds for his faith in violation of the RLUIPA.  He also asserts his religion recognizes different Holy Days than Judeo-Christian faiths.  According to Plaintiff, he is required to practice his faith in his cell.  Plaintiff claims this prevents him from taking communion.  Plaintiff asserts his faith requires he take communion three times a year.

Plaintiff sues the United States of America, the DOJ, the BOP, Warden Luna, R. Kosco, T. Henderson, K. Wethers, A. Felts, C. Carrel, R. Ramirez and several unknown defendants. He requests punitive damages in the amount of $1,000,000 from each defendant in their individual capacity for each violation and from each defendant in their official capacity for each violation. He

also seeks the return of his property and an injunction preventing his transfer to another prison.  He also seeks an injunction requiring the defendants to officially recognize Petitioner's faith and provide all privileges associated therein.  Finally, he seeks nominal damages.

Defendants move to dismiss Plaintiff's claims, arguing he failed to exhaust his administrative remedies.  According to Defendants, Plaintiff has not even commenced the process of exhaustion with regard to his claims that the staff improperly handled his property or denied him the right to practice his faith. To the extent Plaintiff is trying to bring his claim under the Federal Tort Claims Act, the Government asserts Plaintiff has also not filed an administrative claim with the BOP.

Defendants also argue sovereign immunity bars any constitutional claims against the United States Department of Justice and the Federal Bureau of Prisons.  They further argue qualified immunity bars Plaintiff's claims against them in their individual capacities and assert Plaintiff has failed to allege a constitutional violation. Defendants finally argue Plaintiff's religion claim is only directed to the DOJ and the BOP.  Defendants assert Plaintiff makes no reference to any rule, whether constitutional, statutory or regulatory, which the defendants might have violated.

## II. ANALYSIS

A.    <u>Standard of Review Under Fed. R. Civ. P. 12(b)(6)</u>

Defendants move to dismiss Plaintiff's complaint or in the alternative move for summary judgment. Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted.  A claim should be dismissed when it appears to a certainty that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  <u>Fee v. Herndon</u>, 900 F.2d 804, 807 (5th Cir.1990).  In making such a determination, the court may not go outside the pleadings and must accept all well-pleaded facts as true, viewing them most

favorably to the plaintiff.  Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).  This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state his case with enough clarity to enable the court and opposing party to determine whether a claim is alleged.  Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).  A court should dismiss a case only if an affirmative defense or other bar to relief appears on the face of the complaint.  Garrett v. Commonwealth Mortgage Corp. of America, 938 F.2d 591, 594 (5th Cir. 1991).  Dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief."  Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).  Mere conclusory allegations will not survive a motion to dismiss.  Id.

      B.      Standard of Review Under Fed. R. Civ. P. 56(c)

Alternatively, the defendants move for summary judgment.  A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).  When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.  Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process.  Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322, 106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the

absence of evidence on an essential element of the non-movant's claims or affirmative defenses. <u>Id.</u> at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); <u>Tubacex v. M/V Risan</u>, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." <u>James v. Sadler</u>, 909 F.2d 834, 837 (5th Cir. 1990) (citing <u>Matsushita</u>, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. <u>Blackwell v. Barton</u>, 34 F.3d 298, 301 (5th Cir. 1994).

      C.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

In addition, an in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the

plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). The claims overlooked by the defendants will be analyzed by the Court pursuant to 28 U.S.C. § 1915(e).

      D.      Sovereign Immunity

Defendants move to dismiss Plaintiff's constitutional claims seeking damages against the United States, the DOJ and the BOP.  The law is clear that Plaintiff's claims for alleged constitutional violations against the United States DOJ and the BOP are barred by the doctrine of sovereign immunity.  Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 71-72, 122 S. Ct. 515, (2001); FDIC v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996 (1994) (finding there is no direct cause of action for damages against a federal agency because of sovereign immunity).  Accordingly, Plaintiff's constitutional claims against the United States, the DOJ and the BOP should be dismissed for want of jurisdiction.

      E.      Criminal Violations

Plaintiff charges the defendants with violations under 18 U.S.C. §§ 241, 242, 245, 371, 1001, and 1621.  However, federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action. See, e.g. Ivey v. Nat'l Treasury Employee's Union, No. 05-1147, 2007 WL 915229 at *5 (D.D.C. Mar.27, 2007) (no private cause of action under 18 U.S.C. §§ 1001 & 1621); Boisjoly v. Morton Thiokol, Inc., 706 F. Supp. 795, 807 (D. Utah 1988) (same as to 18 U.S.C. § 1505); Weiland v. Byrne, 392 F. Supp. 21, 22 (N.D. Ill.1975) (same as to 18 U.S.C. §§ 1505 & 1621) Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (no private cause of action under

18 U.S.C. § 241); Risley v. Hawk, 918 F. Supp. 18, 21 (D.D.C. 1996) (same); Robinson v. Overseas

Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) (same as to 18 U.S.C. § 242); Dugar v.

Coughlin, 613 F. Supp. 849, 852 (S.D.N.Y. 1985) (no private cause of action under sections 241,

241, and 245); Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges, 248 F. Supp.2d

17, 23 (D.C.2003) (no private right of action under 18 U.S.C. § 371).  Plaintiff has failed to

demonstrate that any of the criminal statutes that he has brought claims under provide for a private

cause of action.

       F.     RLUIPA

      Plaintiff complains that the defendants have violated his rights under the Religious Land Use

and Institutionalized Persons Act ("RLUIPA"), codified as amended at 42 U.S.C. § 2000cc et seq.

RLUIPA, however, applies only to the government of a "state, county, municipality or other

government created under the authority of a state."  42 U.S.C. § 2000cc-5(4).  RLUIPA does not

apply to the federal government, which continues to be subject to the Religious Freedom Restoration

Act ("RFRA"), 42 U.S.C. § 2000bb et seq. See Madison v. Riter, 355 F.3d 310, 315 (4th Cir. 2003),

cert. denied sub nom. Bass v. Madison, 545 U.S. 1103, 125 S. Ct. 2536 (2005). Thus, Plaintiff has

no claim under RLUIPA. See Ish Yerushalayim v. United States Dep't of Corrections, 374 F.3d 89,

92 (2d Cir. 2004) (concluding that the RLUIPA "clearly does not create a cause of action against the

federal government or its correctional facilities").

       G.     Exhaustion of Administrative Remedies

      With respect to the remainder of Plaintiff's claims, he has not exhausted his administrative

remedies.  The PLRA provides "[n]o action shall be brought with respect to prison conditions under

section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); <u>Days v. Johnson</u>, 322 F.3d 863, 866 (5th Cir. 2003); <u>Underwood v. Wilson</u>, 151 F.3d 292, 293 (5th Cir. 1998). Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." <u>Booth v. Churner</u>, 532 U.S. 731, 739, 741 n. 6, 121 S. Ct. 1819 (2001). Additionally, "[u]nder the present version of § 1997e, the district court is no longer required to determine whether a prisoner . . . has reasonably and in good-faith pursued his administrative remedies." <u>Underwood</u>, 151 F.3d at 294.

Since the amendment of § 1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. <u>See</u> <u>Richardson v. Spurlock</u>, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal of inmate's § 1983 claim for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001) (stating "[n]othing in the [PLRA] . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems") (footnote omitted). On the other hand, the Fifth Circuit has also stated the exhaustion requirement "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." <u>Wendell v. Asher</u>, 162 F.3d 887, 890 (5th Cir. 1998).

The Supreme Court has made clear "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative sources." <u>Booth</u>, 532 U.S. at 741, 121 S. Ct. at 1825, n.6. Additionally, the Supreme Court has held the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).

The Federal Bureau of Prisons, which administers the prison in which Plaintiff is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

According to the affidavit attached to the Government's Motion to Dismiss or in the alternative Motion for Summary Judgment, Plaintiff submitted administrative remedy filings on 32 occasions from the time Plaintiff was incarcerated at FCI Bastrop on August 13, 2007 until January 17, 2008, the date he filed his amended complaint. According to the affidavit, of those 32 filings, five were submitted at the Office of General Counsel level. Of those five filings, two were rejected and three were accepted. Of the three that were accepted two related to medical treatment and one related to Plaintiff's work assignment. Also, according to the affidavit, Plaintiff did not submit any administrative remedy filing at either the institutional level, the regional level, or the Office of General Counsel level with respect to the two general issues raised in Plaintiff's complaint. As explained by the defendants, Plaintiff has not even commenced, much less completed, the grievance system with respect to his religion and property claims. The number of administrative filings submitted by Plaintiff amply demonstrates Plaintiff's ability to file such grievances.

## III.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment; **DISMISS WITHOUT PREJUDICE** Plaintiff's constitutional claims brought against the United States, the Department of Justice and the Bureau of Prisons for want of jurisdiction; **DISMISS WITHOUT PREJUDICE** Plaintiff's criminal claims for failure to state a claim upon which relief can be granted, **DISMISS WITHOUT PREJUDICE** Plaintiff's RLUIPA claim for failure to state a claim upon which relief can be granted; and **DISMISS WITHOUT PREJUDICE** Plaintiff's remaining claims for failure to exhaust his administrative remedies.

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of June, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE